**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LUTHER GRAY, )<br>        Plaintiff, )<br>v. )<br>         )<br>DR. PAUL A. TALBOT, et al., )<br>         )<br>        Defendants. ) | No. 1:08-cv-263-DFH-TAB |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

    1.    The plaintiff's motion to hold in abeyance (dkt 45) is **denied,** because the plaintiff has responded to the defendants' motion for summary judgment without invoking the provisions of Rule 56(f) to obtain additional discovery.

    2.    The plaintiff's motion to compel discovery (dkt 44) is **denied** for the same reasons as dictated the denial of his motion to hold in abeyance. However, if claims remain after resolution of the pending motion for summary judgment, the parties will again be able to present their concerns regarding the discovery process and results in this case.

    3.    The plaintiff's motion for appointment of counsel (dkt 52) has also been considered. Civil litigants do not have a constitutional or statutory right to counsel, though a court may, in its discretion, put out the call for a volunteer attorney to represent an indigent plaintiff. See 28 U.S.C. § 1915(e)(1); *see Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006).

    a.    The court first concludes, based on the plaintiff's representation, that he may have made a reasonable effort to secure representation.

    b.    The court therefore proceeds to the second inquiry required in these circumstances. The court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007).

  c. The court finds, in this case and at present, that the claims asserted by the plaintiff are not of sufficient complexity or merit as to surpass the plaintiff's ability to properly develop and present them. First of all, the complaint and subsequent filings show that the plaintiff understands his claims from the standpoint of both its legal basis and its factual underpinnings. Second, the plaintiff appears to be literate, to have access to writing materials, and to have an understanding of the court's processes. As the case has developed, the plaintiff demonstrated his understanding of the need to adhere to timetables, to work with counsel for the defendants in developing the case for trial or other resolution, and so forth. The motions for summary judgment are fully briefed. Perhaps claims will remain for resolution after the court rules on such motions. If so, the plaintiff may renew his request for assistance, but at the present time there is no need for such action and the motion for appointment of counsel (dkt 52) is **denied.**

  So ordered.

                     DAVID F. HAMILTON, Chief Judge
                      United States District Court

Date: _____

Distribution:

James F. Bleeke
SWEETIN & BLEEKE PC
jim@sweetinbleeke.com

Jeb Adam Crandall
SWEETIN & BLEEKE PC
jeb@sweetinbleeke.com

Luther Gray
DOC #171795
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN   46064-9001